IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN LOUIS DEWOLF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 2043 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Steven Dewolf's (Dewolf) motion for attorneys' fees and costs. For the reasons stated below, the motion is granted in part and denied in part.

**BACKGROUND**

Dewolf filed an application (Application) for Disability Insurance Benefits with the Social Security Administration (SSA). The SSA denied the Application, and Dewolf requested a hearing before an Administrative Law Judge (ALJ). On October 30, 2009, the ALJ denied the request for benefits, and on January 31, 2011,

1

the Appeals Council denied a request for review. On March 24, 2011, Dewolf filed an appeal from the ALJ's ruling before this court and the parties subsequently filed cross-motions for summary judgment. On February 27, 2012, the court denied Defendant's motion for summary judgment. The court also denied in part Dewolf's motion for summary judgment and granted in part Dewolf's motion, remanding the instant action to the SSA for further proceedings consistent with the court's opinion. Dewolf now moves for attorneys' fees and expenses as the prevailing party pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Dewolf seeks $12,967.95 in attorneys' fees and $350.00 in expenses, for a total award of $13,317.95.

## LEGAL STANDARD

When a plaintiff who seeks a review of a decision made by the Commissioner of Social Security obtains a remand, the plaintiff is deemed a prevailing party and is entitled to attorneys' fees and other expenses under the EAJA "unless 'the position of the United States was substantially justified. . . .'" *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011)(quoting 28 U.S.C. § 2412(d)(1)(A))(stating, in addition, that "[t]he commissioner's position is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a

rational basis in fact and law").

## DISCUSSION

Defendant does not contest for the purposes of the instant motion Dewolf's assertion that Defendant's position was not substantially justified. Defendant does object to the number of hours billed by Dewolf's attorney and the hourly rate charged by Dewolf's attorney.

I.  Number of Hours Billed

Defendant argues that the number of hours billed by Dewolf's attorney is excessive. Dewolf seeks in his motion to recover for 71.5 hours of work billed by his attorney. Defendant points out that the smallest billing unit for Dewolf's attorney is a quarter of an hour. As a result, Defendant contends, the billing records of Dewolf's attorney charge full quarter hours for many ministerial tasks that should have only taken minutes to complete, such as reviewing Defendant's motion for leave for an extension of time. In the reply, Dewolf has agreed to reduce by nine minutes each of seventeen entries that reference ministerial tasks performed by his attorney. This results in approximately a 2.5 hour reduction, or 69 hours, which is a reasonable overall request in terms of the number of hours billed for this case.

Defendant also argues that Dewolf billed too many hours because his reply brief for summary judgment took almost as long to prepare as his original motion. However, the mere fact that the reply brief took a comparable amount of time to prepare does not show that the amount of time was excessive. Defendant has not shown that the time billed for preparing the reply brief was outside the scope of a reasonable amount of time a competent attorney would take to prepare the reply brief. Therefore, Dewolf can recover fees for 69 hours (71.5 hours - 2.5 hours). Dewolf also properly seeks additional hours for the time spent preparing the reply brief for the instant motion, which is an additional ten hours and is reasonable. Therefore, Dewolf can recover fees for 79 billed hours (69 hours + 10 hours).

II. Hourly Rate Billed

Defendant also argues that Dewolf's attorney charged an excessive hourly rate. Dewolf's attorney billed fees at $181.37 per hour. The EAJA provides a $125 per hour limit. 28 U.S.C. S 2412(d)(2)(A). The United States Supreme Court has indicated that the "EAJA was designed to address the problem that [f]or many citizens, the costs of securing vindication of their rights and the inability to recover attorney fees preclude resort to the adjudicatory process." *Astrue v. Ratliff*, 130 S.Ct. 2521, 2530 (2010)(internal quotations omitted)(quoting *Sullivan v. Hudson,* 490 U.S.

4

877, 883 (1989)).  In *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011), the Seventh Circuit recently stated that "a fee of $125 for legal services rendered in 2009 in a social security disability appeal seems awfully low," and that "[e]ven at $170 an hour the total fee award would be only" a limited amount.  *Id.* at 564.  The Court concluded that "it was not improper for the lawyer to request the cost of living increase," even though the lawyer did so for the first time in his reply brief.  *Id.*  The Court indicated, however, that "the cost of living special factor is not automatic," and remanded the case to give the plaintiff's counsel an opportunity to "show that without a cost of living increase that would bring the fee award up to [the requested hourly rate], a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case."  *Id.* at 565.

In the instant motion, Dewolf is not asking for an increase in the hourly rate based upon economy-wide inflation since 1996.  *See, e.g., Arnett v. Astrue*, 2012 WL 3079115, at *1 (N.D. Ind. 2012)(stating that the EAJA "requires more than just a showing that prices have gone up" and "[t]he attorney must show that the inflation actually affected the ability to deliver legal services").  Instead, Dewolf argues that his attorney's costs in providing adequate counsel for this specific type of case have increased due to inflation since 1996 and Dewolf has provided statistics to support

5

his request. Dewolf explains that his attorney's hourly rate for non-contingency fee matters has necessarily increased by 66% since 1996. Dewolf also points out that despite the 66% increase since 1996, he is only asking in the instant motion for a rate that is a 45% increase from $125 limit. (Mot. 5-6). Dewolf also indicates that his attorney is a solo practitioner, practicing out of the same office in which he practiced in 1996, and that his rental rate has increased by 35%. (Mot. 6); *See, e.g., Arnett*, 2012 WL 3079115, at *1 (noting that the plaintiff provided "evidence of how inflation has impacted her attorney's cost of doing business (showing rental rates increasing 23% from 1997 to 2011)"); *Just v. Astrue*, 2012 WL 2780142, at *2 (N.D. Ill. 2012)(noting that the plaintiff's "attorney, as an officer of the Court, represented that he has incurred additional expenses in the form of increases to rent, salaries, and health insurance premiums as a result of inflation"). Dewolf also contends that since 1996, the maximum amount that an attorney could recover under SSA's own streamlined fee agreement process for work performed on a disability claim before the Agency has been increased from $4,000.00 to $6,000.00, indicating that SSA also recognizes the need for an increase in compensation. (Mot. 6).

Dewolf also calculates the inflationary amount he asserts based on Consumer Price Indexes (CPI) issued by the Bureau of Labor Statistics, United States Department of Labor. *Just v. Astrue*, 2012 WL 2780142, at 2 (N.D. Ill. 2012

6

(explaining that the "Consumer Price Index . . . is one acceptable method of showing inflation"). Using the CPI for the work done in this case, Dewolf calculates a base year CPI factor of .451, which is multiplied by $125 to produce an inflationary increase of $56.37 between the years of 1996 and 2011. When the inflationary increase of $56.37 is added to the 1996 limit of $125, Dewolf correctly calculates the total hourly limit to be $181.37. Dewolf has put forth sufficient evidence to show that inflation actually affected his attorney's ability to deliver legal services to Dewolf. Dewolf has shown that an upward adjustment is warranted in this case and that the $181.37 hourly rate is reasonable. *See, e.g., Claiborne ex rel. L.D. v. Astrue*, 2012 WL 2680777, at *5 (N.D. Ill. 2012)(finding that the plaintiff was "entitled to an upward adjustment in the hourly rate to $181.25"); *Hudnall v. Astrue*, 2012 WL 2504883, at *2 (N.D. Ind. 2012)(finding that a $179 per hour rate was reasonable).

Aside from the 2.5 hour reduction, Dewolf has shown the requested attorneys' fees are recoverable and reasonable and has provided sufficient documentation to support his request. Dewolf can recover 79 hours billed at an hourly rate of $181.37, which totals $14,328.23 for attorneys' fees. In regard to the requested $350.00 in expenses, Defendant has not objected to the expenses, and Dewolf has shown that the expenses are recoverable and reasonable and has provided sufficient documentation to support his request. Therefore, Dewolf is awarded a total amount

of $14,678.23.

## CONCLUSION

Based on the foregoing analysis, Dewolf's motion is granted in part and denied in part, and Dewolf is awarded a total of $14,678.23.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  August 8, 2012